IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DERRICK BERON MCCOWAN,** § <br> TDCJ No. 02295326, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> **BOBBY LUMPKIN, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Division,** § <br> § <br> Respondent. § | Civil Action No. 7:20-cv-00108-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This habeas corpus case was referred to the undersigned automatically pursuant to Special Order 3 on August 10, 2020. ECF No. 2. Petitioner Derrick Beron McCowan ("McCowan"), an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice ("TDCJ") in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** McCowan's Petition for Writ of Habeas Corpus (ECF No. 1).

**I.     FACTUAL BACKGROUND**

In his petition, McCowan challenges disciplinary action no. 20200158663 that was taken against him at the Allred Unit on March 30, 2020. ECF No. 1 at 5. In the disciplinary proceeding, McCowan was found guilty of the "offense of sexual misconduct," a Level 2, Code 20.0 violation. ECF Nos. 17 at 3; 15-2 at 3; *see* TDCJ-CID Disciplinary Rules and Procedures for Offenders, available at http://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_ Offenders_English.pdf, Attachment B (last visited July 13, 2021) ("Disciplinary Rules"). As a

result of the disciplinary proceeding, McCowan received forty-five days restriction on recreation, commissary, and telephone privileges, had a reduction in line class status from L1 to L3, was demoted in custody status from G2 to G4, and lost thirty days of good-time credit. ECF Nos. 1 at 5; 17 at 3.

McCowan claims the disciplinary action violated his due process rights because (1) the video evidence did not show that he was present at the time of the offense listed in the report, and (2) the disciplinary hearing officer ("DHO") falsified the disciplinary report by changing the offense time reported. ECF No. 1 at 6.

## II.     ANALYSIS

### A.     McCowan had no constitutionally protected interest in his recreation, commissary, and telephone privileges, his cell status, and his line class status.

McCowan's loss of recreation, commissary, and telephone privileges and his cell restriction are changes in the conditions of confinement that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardships in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against McCowan do not raise such concerns. For these reasons, McCowan's claims regarding loss of privileges fail to state a claim.

Additionally, McCowan has no constitutionally protected interest in his line class status, also known as his good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a

constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent McCowan's custodial classification was to improve in the future, the reduction of his line class status from L1 to L3 or a change in his custody classification does not warrant due process protection.

      **B.**      **The minimum procedures required by the Due Process Clause were met.**

When a prisoner has a protected liberty interest in the loss of accrued good-time credits, the revocation of those credits must comply with the minimum procedures required by the Due Process Clause. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). These requirements include: (1) written notice of the charges must be given to the defendant at least twenty-four hours before the hearing; (2) the defendant must be able to call witnesses and present documentary evidence when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the hearing officer as to the evidence relied on and the reasons for any disciplinary action taken must be given to the defendant. *Id.* at 564-66.

In McCowan's case, all three requirements were met. First, McCowan had more than twenty-four hours notice of his hearing. He was notified of his charge on March 25, 2020, at 4:32 a.m. ECF No. 15-2 at 3. His hearing was then held on March 30, 2020, at 1:37 p.m. *Id.* Since he received more than twenty-four hours notice of his hearing, the first requirement was satisfied.

Second, McCowan had the opportunity to present evidence relevant to the charge. *Id.* at 3, 10, 12. McCowan argues that he was not provided proper notice of the charge because the report stated the incident happened at 8:42 a.m., but the correct time was 8:45 a.m. ECF No. 1 at 6. However, the DHO corrected the time of the incident at the hearing to reflect the correct time as shown in the video evidence. ECF No. 15-2 at 12. For a petitioner to successfully argue he was

not given sufficient notice, he must show that the failure to provide proper notice of all facts prejudiced his ability to prepare his defense. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997). McCowan has not shown sufficient prejudice because he has not alleged that he could have defended his offense even if he had received notice that it occurred at 8:45 a.m. rather than 8:12 a.m. Further, McCowan was had the opportunity to cross examine the charging officer, gave a statement at the hearing, and presented a report by his substitute counsel that stated McCowan was not on the TDCJ's video at the time of the incident. ECF No. 15-2 at 8. Thus, the second requirement was met.

Finally, McCowan received a written statement of the DHO's decision and the evidence that he relied upon to reach that decision. The Administrative Record reflects that McCowan was provided a written statement of the DHO's decision. ECF No. 15-2 at 12. Therefore, the third requirement was fulfilled.

    **C.**    **Sufficient evidence supports the DHO's finding that McCowan committed the alleged offense.**

It is not the Court's duty to retry all prison disciplinary disputes, but instead the Court must decide whether "any evidence at all" supports the actions taken by the prison officials. *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) (citation omitted). Based upon a review of the record, the Court concludes that evidence supports the actions taken by the prison officials. The DHO considered the charging officer's report and testimony that she observed McCowan following her, asking her questions, and masturbating. ECF No. 15-2 at 4. The DHO found that the video evidence supported the charging officer's report and testimony that McCowan followed the charging officer while groping himself. ECF No. 17 at 12; ECF No. 16. As the DHO based his decision on "some evidence" of guilt, any challenge to the sufficiency of the evidence must fail. *See White v. Jenkins*,

4

735 F. App'x 855, 856 (5th Cir. 2018) (citing *Hudson v. Johnson*, 242 F.3d 534, 536-37 (5th Cir. 2001)).

### III.  CONCLUSION

Because McCowan failed to state a colorable habeas claim in connection with the disciplinary proceeding at issue, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** McCowan's Petition for Writ of Habeas Corpus (ECF No. 1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 15, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE